UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BISHOP RUBEN DEWAYNE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-10931-IT |
| | * | |
| JP MORGAN MORTGAGE | * | |
| ACQUISITION CORP., and | * | |
| MORTGAGE ELECTRONIC | * | |
| REGISTRATION SYSTEMS, INC., | * | |
| | * | |
| Defendants.[1] | * | |

MEMORANDUM & ORDER
December 7, 2018

TALWANI, D.J.

I.    Introduction

On May 9, 2018, Defendant Mortgage Electronic Registrations Systems, Inc. ("MERS"), along with JP Morgan Chase Bank, N.A., removed to this court Plaintiff Bishop Ruben DeWayne's Massachusetts state court complaint. Not. Removal [#1]. On June 11, June 25, and August 17, 2018, Plaintiff requested through various filings that this action be remanded to the state court. Pl.'s Formal Not. Lack Jurisdiction [#19]; Pl.'s 2d Formal Not. Lack Jurisdiction [#23]; Pl.'s Judicial Estoppel & Demand Not. & Demand Lack Jurisdiction [#25] (collectively,

---

[1] Plaintiff's Complaint [#1-1] also lists in the caption "Civil Action No. 2017-SM-006779." The body of the Complaint [#1-1] does not identify "Civil Action No. 2017-SM-006779" among the respondents or as a legal entity, however, and states instead that "C/A No. 2017-SM-006779" was an action in Suffolk County Land Court. Compl. [#1-1] ¶ 2; see also ¶¶ 6-7. Accordingly, "Civil Action No. 2017-SM-006779" is omitted from the caption.

"Plaintiff's Motions to Remand"). For the reasons set forth below, Plaintiff's Motions to Remand [#19, #23, #25] are DENIED.

II. Analysis

The Notice of Removal [#1] asserts that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as this is a suit between citizens of different states and the amount in controversy exceeds $75,000. The Complaint [#1-1] alleges that Plaintiff owns the property at 53 Charlotte Street, Boston, Massachusetts, and is domiciled in the winter months in South Carolina, and that Defendant JP Morgan Mortgage Acquisition Corp. and MERS are foreign corporations with ties to states other than Massachusetts and South Carolina. Plaintiff does not dispute that the amount in controversy requirement is satisfied. Accordingly, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff argues that remand is appropriate for a host of reasons, including that: Defendants failed to timely serve their answer on Plaintiff; Defendant JP Morgan Mortgage Acquisition Corp. lacked standing to file a pre-foreclosure action in Suffolk County Land Court; that JP Morgan Chase Bank, N.A. improperly inserted itself and removed this case to this court; that Defendant MERS's counsel filed an improper civil case cover sheet; that the Massachusetts Superior Court has exclusive jurisdiction over Chapter 93A claims; that the transfer of the mortgage and note at issue in this case was invalid; and that the district court is unfair, biased, and partial against him.

A. JP Morgan Chase Bank, N.A.

The Notice of Removal [#1] was filed on behalf of MERS and JP Morgan Chase Bank, N.A., even though JP Morgan Chase Bank, N.A., was not named in the Complaint [#1-1]. Defense counsel claimed that JP Morgan Chase Bank, N.A. had been incorrectly named in the Complaint [#1-1] as JP Morgan Mortgage Acquisition Corp. Not. Removal 1 n.1 [#1]. After Plaintiff asserted

that JP Morgan Chase Bank, N.A. had improperly asserted itself in these proceedings, counsel signed further filings on behalf of MERS, JPMorgan Chase Bank, N.A., and JP Morgan Mortgage Acquisition Corp. See e.g., Defs.' Opp. Mot. Remand [#20]. Plaintiff contends that JP Morgan Chase Bank, N.A. improperly inserted itself in this dispute, and that removal without JP Morgan Mortgage Acquisition Corp.'s participation was improper.

According to the Corporate Disclosure Statement [#28], Defendant JP Morgan Mortgage Acquisition Corp. is a wholly owned subsidiary of and separate entity from JP Morgan Chase Bank, N.A. Moreover, in a related case, JP Morgan Chase Bank, N.A. acknowledged that it was a separate legal entity from the defendant named here. B. Ruben Dewayne v. First Nat'l Bank of Arizona, No. 15-cv-14245-IT, No. 29 1 n.1 (D. Mass., filed March 1, 2016). As they are separate legal entities, and JP Morgan Chase Bank, N.A. was not a named party in this lawsuit, JPMorgan Chase Bank, N.A.'s assertion that Plaintiff improperly named another legal entity, Defendant JP Morgan Mortgage Acquisition Corp., in its lawsuit is erroneous. Rather, "plaintiff is master of his complaint." Negron-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 6 (1st Cir. 2018). JP Morgan Chase Bank, N.A. has not filed a motion to intervene or to be added as a party, and therefore is not a proper party in this suit.

Removal of this case by Defendant MERS and JP Morgan Chase Bank, N.A., was therefore procedurally defective. However, Plaintiff did not timely raise this discrepancy between the party names. Section 1447(c) requires that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction *must be* made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). As Plaintiff did not raise this procedural discrepancy until June 11, 2018, more than thirty days after the filing of

3

the notice of removal on May 9, 2018, and he has waived his argument that this defect is a proper basis for remand.

B.  Chapter 93A Claim

Plaintiff contends that this matter must be remanded to the state court from which it was removed because Plaintiff raised a claim under Mass. Gen. Laws. ch. 93A, § 2, for which the Massachusetts Superior Court has exclusive jurisdiction. Pl's Formal Not. Lack Jurisdiction ¶ 12 [#19].

Plaintiff is correct that the federal courts are courts of limited jurisdiction, but this court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. Chapter 93A does not state that claims brought under that chapter must be litigated exclusively in state courts, and Plaintiff has pointed the court to no case law suggesting as much. The case law is to the contrary. See, e.g., Nascimento v. Preferred Mut. Ins. Co., 513 F.3d 273, 275-76 (1st Cir. 2008) (appeal of district court case denying summary judgment of state law claims, including ch. 93A); Law Offices of Joseph J. Cariglia, P.C. v. Jelly, 146 F. Supp. 3d 251, 255 (D. Mass. 2015) (district court had diversity jurisdiction over ch. 93A claim). The court is therefore not persuaded that the inclusion of Plaintiff's chapter 93A claim limits its authority to hear this case.

C.  Remaining Claims

Plaintiff raises a number of other claims regarding why this case must be remanded, including that Defendant JP Morgan Mortgage Acquisition Corp. failed to timely answer, that Defendant JP Morgan Mortgage Acquisition Corp. did not acquire the necessary certifications to file a pre-foreclosure matter in the Suffolk County Land Court, that the initial cover sheet filed in this court incorrectly described the defendants and causes of action in this case, that the district court incorrectly found that JP Morgan Chase Bank, N.A. was the holder and owner of the

4

mortgage and note at issue in this case, that assignment of that mortgage was improper, and that the "Federal Court has displayed itself as un-honorable and the Plaintiff holds no confidence in the same." Pl.'s 2nd Formal Not. Lack Jurisdiction [#23].

None of the Plaintiff's remaining assertions divest this court of subject matter jurisdiction. Plaintiff's Complaint [#1-1] makes clear that there is complete diversity of citizenship amongst the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Accordingly, these additional arguments do not warrant remand.

III. Conclusion

For the foregoing reasons, Plaintiff's Motions to Remand [#19, #23, #25] are DENIED.

IT IS SO ORDERED.

Date: December 7, 2018 /s/ Indira Talwani
United States District Judge