UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BISHOP RUBEN DEWAYNE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 18-cv-10931-IT |
| | * |
| JP MORGAN MORTGAGE | * |
| ACQUISITION CORP., and | * |
| MORTGAGE ELECTRONIC | * |
| REGISTRATION SYSTEMS, INC., | * |
| | * |
| Defendants.[1] | * |

MEMORANDUM & ORDER
December 7, 2018

TALWANI, D.J.

Plaintiff Bishop Ruben DeWayne brings this action against Defendants JP Morgan Mortgage Acquisition Corp. ("JP Morgan Acquisition") and Mortgage Electronic Systems, Inc. ("MERS") (collectively, "Defendants"). Complaint [#1-1]. Plaintiff seeks $500,000 in monetary damages for purported unfair and deceptive acts pursuant to Mass. Gen. Laws ch. 93A, a temporary injunction preventing a foreclosure sale with respect to the property located at 53 Charlotte Street, Dorchester, Massachusetts (the "subject property"), and that the court make findings of fact and conclusions of law by issuing a declaratory judgment. Compl. ¶ 28-30 [#1-

---

[1] Plaintiff's Complaint also lists in the caption "Civil Action No. 2017-SM-006779." The body of the Complaint does not identify "Civil Action No. 2017-SM-006779" among the respondents or as a legal entity, however, and states instead that "C/A No. 2017-SM-006779" was an action in Suffolk County Land Court. Complaint [#1-1] ¶ 2; see also ¶¶ 6-7. Accordingly, "Civil Action No. 2017-SM-006779" is omitted from the caption.

1]. Pending before this court is Defendant MERS' Motion to Dismiss the Complaint ("Mot. to Dismiss") [#10] [2] and Plaintiff's Motion for Temporary Injunction [#47]. For the reasons set forth below, MERS' Motion to Dismiss [#10] is GRANTED, and Plaintiff's Motion for Temporary Injunction [#47] is DENIED.

I. Facts as Alleged in Plaintiff's Complaint[3]

As alleged in the complaint, Leitta Brooks granted a mortgage (the "Brooks Mortgage") to First National Bank of Arizona to purchase the subject property. Compl. ¶ 9 [#1-1]. Under that instrument, MERS was the mortgagee "acting solely as a nominee for Lender and Lender's successors and assigns." See id. ¶ 9. First National Bank of Arizona merged with First National Bank of Nevada in June 2008, and both banks were placed into receivership by the Federal Deposit Insurance Corporation in July 2008. Id. ¶ 3. The Brooks Mortgage was later transferred by MERS to JP Morgan Acquisition in September 2014, which was subsequently filed in the Suffolk County Registry of Deeds. See id. ¶ 3, 10. At some unknown time thereafter, Leitta Brooks sold Plaintiff the property for $2,500 to satisfy a debt that she owed him for doing work on the property. See id. ¶ 27. JP Morgan Acquisition is the current holder of the mortgage and note. JP Morgan Acquisition subsequently filed a notice of pre-foreclosure with the Suffolk County Land Court, Civil Action No. 2017-SM-006779.

---

[2] The motion was also filed on behalf of JP Morgan Chase Bank, N.A. JP Morgan Chase Bank, N.A., was not named in this action, however. See Mem. & Order [#51].
[3] As Defendant MERS has moved to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6), the court "distinguish[es] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013))

II.     Procedural History

Both Plaintiff and Brooks previously filed several lawsuits against Defendants (or Defendant JP Morgan Acquisition's parent company, JP Morgan Chase Bank, N.A. See Corp. Disclosure Statement [#28]) regarding the Brooks Mortgage. Brooks filed three lawsuits: the first two were dismissed by the district court and affirmed by the First Circuit, see Brooks v. JPMorgan Chase Bank, N.A., No. 13-2041 (1st Cir. 2014); Brooks v. JPMorgan Chase Bank, N.A., No. 15-1055 (1st Cir. 2015); the third is currently pending before another district judge within the District of Massachusetts. Brooks v. JP Morgan Chase Bank N.A., No. 18-cv-12176 (D. Mass. Oct. 18, 2018). Plaintiff has also filed two prior related actions in this court. In 2015, Plaintiff sought declaratory judgment against MERS, "J.P. Morgan Mortgage Acquisition Corp., a/k/a/ known as JP Morgan Chase Bank NA," and others, regarding each party's rights to the subject property. See DeWayne v. First Nat'l Bank of Arizona, 15-cv-14245-IT (D. Mass. Dec. 1, 2016) (the "First DeWayne Action"). The court allowed the Defendants' motion to dismiss the First DeWayne Action, id., No. 64 (filed Nov. 10, 2016), and denied Plaintiff's motion to reconsider, id., No. 67 (filed Dec. 1, 2016). Plaintiff did not appeal. In December 2016, Plaintiff filed his second action, this time naming MERS, JP Morgan Acquisition, and JP Morgan Chase Bank, in Massachusetts state court, which Defendants removed to this court in January 2017. DeWayne v. MERS, Inc. et al., No. 17-cv-10139 (D. Mass. July 12, 2017) (the "Second DeWayne Action"), Nos. 1, 1-1. The court allowed the Defendants' motion to dismiss the Second DeWayne Action because the doctrine of res judicata barred Plaintiff's claims. Id. Mem. & Order, No. 26 (filed July 12, 2017). Plaintiff similarly did not appeal the court's dismissal of the Second DeWayne Action.

3

III.     MERS' Motion to Dismiss

MERS moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing again that the doctrine of res judicata precludes Plaintiff from asserting his claims and that the Complaint therefore fails to state a claim upon which relief can be granted.

   A.     *Standard of Review*

To survive a motion to dismiss, a complaint must include factual allegations that, taken as true, demonstrate a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007). A plausible claim is one containing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To assess a complaint, the court takes the complaint's factual allegations as true, but need not credit its conclusory legal allegations. Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 24 (1st Cir. 2016) (citation omitted). The court must then "determine whether the remaining facts allow it to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id.

This court can, in an appropriate case, consider the affirmative defense of res judicata on a Rule 12(b)(6) motion to dismiss. See In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). An appropriate case is one in which (1) "the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice," and (2) "the facts so gleaned must conclusively establish the affirmative defense." Id. In deciding a Rule 12(b)(6) motion to dismiss, a court is ordinarily limited to considering "only the complaint, documents attached to it, and documents expressly incorporated into it." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71-72 (1st Cir. 2014). The court can also

consider matters of public record, Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013), including the record of the purportedly preclusive action where a "motion to dismiss is premised on a defense of res judicata." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

### B. Application of Res Judicata

The Full Faith and Credit statute provides that "judicial proceedings of any court . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." 28 U.S.C. § 1738. Where "both the potentially precluding suit and the potentially precluded suit were litigated in federal courts, federal law governs the res judicata effect of the prior judgment." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 37 (1st Cir. 1998). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).

A res judicata defense precludes litigation of a party's claims when the following elements have been established: (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identity between the causes of action asserted in the earlier and later suits, and (3) sufficient identity between the parties in the two actions. Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991), cert. denied, 502 U.S. 816 (1991).

Here, as with the Second DeWayne Action, all three elements are satisfied. First, the court in the First DeWayne Action entered a final judgment on the merits by allowing Defendants' motion to dismiss and denying Plaintiff's motion to reconsider. DeWayne v. First

5

Nat'l Bank of Arizona, No. 15-cv-14245-IT, Nos. 64, 66-67; see also Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010) (citing AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)) (holding that dismissal for failure to state a claim is "a final judgment on the merits"). The court in the Second DeWayne Action again entered a final judgment on the merits by finding that Plaintiff's claims were barred by the doctrine of res judicata and allowing Defendants' motion to dismiss for failure to state a claim. DeWayne v. MERS, No. 17-cv-10139-IT, No. 24.

Second, the causes of action articulated in the instant action and the First DeWayne Action are sufficiently identical. Causes of action are sufficiently identical when they "derive . . . from the same transaction or series of connected transactions." McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006) (internal quotation marks omitted); see also Mass. Sch. of Law at Andover, 142 F.3d at 38 ("[The transactional approach] boils down to whether the causes of action arise out of a common nucleus of operative facts."). "Although a set of facts may give rise to multiple counts based on different legal theories, if those facts form a common nucleus that is identifiable as a transaction . . ., then those facts represent one cause of action." Herman v. Meiselman, 541 F.3d 59, 62 (1st Cir. 2008) (quoting Apparel Art Int'l, 48 F.3d at 583-84). Although the current Complaint lists different causes of actions than either of the earlier complaints, it alleges the same fraudulent transfer of the Brooks Mortgage to JP Morgan in the two prior actions. Compare Compl. ¶ 3 [#1-1], with Mem in Support of Mot. Dismiss Ex. A at 11 ¶ 30 [#11-1], and Mem. in Support of Mot. to Dismiss Ex. B. at 6 ¶¶ 13-14 [#11-2]. Moreover, all three complaints are based upon the same set of facts—the Brooks Mortgage, MERS's transfer of the Brooks mortgage to JP Morgan Acquisition, and Plaintiff's subsequent acquisition of the property. These facts "form a common nucleus that is identifiable as a transaction." See

6

Mass Sch. Of Law at Andover, 142 F.3d at 38. And, where Plaintiff could have brought these same causes of action in his two prior complaints before this court, and sought essentially the same injunctive relief as he does here in both the First and Second DeWayne actions based on the same transaction, the causes of action are sufficiently identical for purposes of res judicata.

Finally, the parties are sufficiently identical. Here, the parties to the instant action were also parties in both the First and Second DeWayne Actions. Although Plaintiff added the Suffolk County Land Court Civil Action No. 2017-SM-006779 to the caption of the most recent Complaint, he acknowledges that he did so only as collateral attack on that state court action and not as a separate purportedly-liable defendant.[4] Thus, the facts "definitively ascertainable from" the Complaint and the documents incorporated therein allow this court to conclude that the three requirements of claim preclusion are met, and therefore that the doctrine of res judicata once again bars Plaintiff's claims in this action. Accordingly, MERS' Motion to Dismiss [#10] is GRANTED.

IV. Plaintiffs' Motion for Temporary Injunction

A. *Motion for Injunction and Protective Order*

Plaintiff filed a Motion for Temporary Injunction [#47] on November 29, 2018, alleging that the subject property is scheduled to be sold at a mortgage foreclosure sale on December 10, 2018, and seeking this court to enjoin the sale of the property. Mot. for Inj. [#47] ¶¶ 1, 10, 13.

A court may grant a preliminary injunction if the plaintiff shows: (a) a reasonable likelihood of success on the merits of her claim; (b) that the plaintiff will suffer irreparable injury

---

[4] To the extent that Plaintiff sought to challenge the Land Court decision as a new action that did not derive from the original transaction, Plaintiff's remedy was not to file a collateral attack in Superior Court, but to appeal the Land Court decision to the Massachusetts Appeals Court. See Mass. G.L. ch. 185, § 15.

7

if the injunctive relief is not granted; (c) that the injury the plaintiff will suffer in the absence of an injunction outweighs the injury to the defendant that will result from the injunction; and (d) that the injunction would not harm the public interest. E.g., Corporate Techs., Inc. v. Harnett, 731 F.3d 6, 9 (1st Cir. 2013) (citing Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996)). The first factor, the likelihood of success on the merits, "is the main bearing wall of the four-factor framework," Ross-Simons, 102 F.3d at 16 (citing Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993); Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981)), but the moving party must generally demonstrate all four factors to obtain relief, see IKON Office Solutions, Inc. v. Belanger, 59 F. Supp. 2d 125, 128 (D. Mass. 1999) ("Failure to demonstrate all of the requirements proves fatal for a request for relief." (citing Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness, 649 F.2d 71, 74 (1st Cir. 1981))).

Here, although the Complaint [1-1] has not been dismissed in its entirety, the claims against JP Morgan Acquisition are unlikely to succeed for the same reasons that the claims against MERS are dismissed. Moreover, as this court determined in the First and Second DeWayne Actions, where Plaintiff is not a party to the Brooks Mortgage, Plaintiff cannot assert claims regarding actions pertaining to a mortgage on Brooks' behalf. Accordingly, Plaintiff's Motion for Temporary Injunction [#47] is DENIED.

V. <u>Conclusion</u>

For the foregoing reasons, Defendant MERS' <u>Motion to Dismiss</u> [#10] is GRANTED, and Plaintiff's <u>Motion for Temporary Injunction</u> [#47] is DENIED.

IT IS SO ORDERED.


Date: December 7, 2018 /s/ Indira Talwani
United States District Judge