UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BISHOP RUBEN DEWAYNE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 18-cv-10931-IT |
| | * |
| J.P. MORGAN MORTGAGE | * |
| ACQUISITION CORP., and | * |
| MORTGAGE ELECTRONIC | * |
| REGISTRATION SYSTEMS, INC., | * |
| | * |
| Defendants.[1] | * |

MEMORANDUM & ORDER
January 30, 2019

TALWANI, D.J.

In December 2019, the court denied Plaintiff Bishop Ruben DeWayne's Motion[s] to Remand [##19, 23, 25] and Motion for Temporary Injunction [#47], and granted Defendant Mortgage Electronic Systems, Inc.'s ("MERS") Motion to Dismiss the Complaint [#10]. Mem. & Order [#52]; Mem. & Order [#53]. Now pending before this court are Plaintiff's Reconsideration [#60] and Reconsideration and Opportunity to Amend [#63] (collectively, "Mots. to Reconsider"), and Defendant J.P. Morgan Mortgage Acquisition Corp.'s ("J.P. Morgan Acquisition") Motion to Dismiss Plaintiff's Complaint ("Mot. to Dismiss") [#61]. For the

---

[1] Plaintiff's Complaint also lists in the caption "Civil Action No. 2017-SM-006779." The body of the Complaint does not identify "Civil Action No. 2017-SM-006779" among the respondents or as a legal entity, however, and states instead that "C/A No. 2017-SM-006779" was an action in Suffolk County Land Court. Complaint [#1-1] ¶ 2; see also ¶¶ 6-7. Accordingly, "Civil Action No. 2017-SM-006779" is omitted from the caption.

reasons set forth below, Plaintiff's motions are DENIED and Defendant J.P. Morgan Acquisition's motion is ALLOWED.

I. Plaintiff's Motions for Reconsideration

Plaintiff's motions present no newly discovered evidence or intervening change in the law, and do not demonstrate that the original decision was based on a manifest error of law or was clearly unjust. See United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). Plaintiff instead restates the arguments relied upon in his previous filings. Accordingly, Plaintiff's Reconsideration [#60] and Reconsideration and Opportunity to Amend [#63] are DENIED.

II. Defendant J.P. Morgan Mortgage Acquisition's Motion to Dismiss

Defendant J.P. Morgan Mortgage Acquisition moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), arguing that the Complaint fails to set forth a short and plain statement that would entitle Plaintiff to relief. Def.'s Mot. to Dismiss 1 [#61]. Defendant J.P. Morgan Mortgage Acquisition further argues that the doctrine of res judicata precludes Plaintiff from bringing similar claims based on the same set of facts raised in his prior actions before this court. Def.'s Mem. in Support of Mot. to Dismiss ("Def.'s Mem.") 7 [#62]. Finally, Defendant J.P. Morgan Mortgage Acquisition claims that Plaintiff failed to allege in his Complaint that he sent Defendants a demand letter, as is a prerequisite to filing suit under chapter 93A. See Mass. Gen. Laws. ch. 93A, § 9(3).[2]

---

[2] The prior Motion to Dismiss the Complaint [#10] was filed by JPMorgan Chase Bank, N.A., and Defendant MERS. As the court has previously explained, JPMorgan Chase Bank, N.A. was not a named party in this lawsuit. Memorandum & Order [#52

]. Accordingly, the court granted the motion only as to MERS as the sole named party on whose behalf that motion was filed. Mem. & Order [#53].

Defendant J.P. Morgan Mortgage Acquisition states in its pending Motion to Dismiss [#61] that it joined MERS' earlier-filed Motion to Dismiss [#10]. The caption and counsel's signature line

2

Plaintiff has not filed an opposition to Defendant J.P. Morgan Mortgage Acquisition's Motion to Dismiss [#61], and the time in which to do so has passed. However, the court has considered the arguments raised in Plaintiff's prior filings and Motion[s] for Reconsideration [##60, 63]. Plaintiff states among other things that he is entitled to a default judgment against Defendant J.P. Morgan Acquisition Corp., see Recons. ¶¶ 11(c), 17 [#60], and he refers to the Defendant as the "defaulted Defendant, J.P. Morgan Mortgage Acquisition Corp," Mot. for Recons. ¶ 3 [#63]. But the court previously denied Plaintiff's Motion for Default Judgment [#26] as to Defendant J.P. Morgan Mortgage Acquisition Corp. and Motion for Reconsideration [#33]. See Elec. Orders [## 29, 35]. Accordingly, Defendant J.P. Morgan Mortgage Acquisition's Motion to Dismiss [#61] is properly before this court.

A. *Standard of Review*

To survive a motion to dismiss, a complaint must include factual allegations that, taken as true, demonstrate a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007). A plausible claim is one containing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To assess a complaint, the court takes the complaint's factual allegations as true, but need not credit its conclusory legal allegations. Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 24 (1st Cir. 2016) (citation omitted). The court must then "determine whether the remaining facts allow it to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id.

---

of the earlier motion demonstrate, however, that Defendant J.P. Morgan Mortgage Acquisition was not a party to that earlier motion.

B.  *Application*

As previously explained, the court may consider the affirmative defense of res judicata on a Rule 12(b)(6) motion to dismiss in an appropriate case. Mem. & Order 4 [#53]. A res judicata defense precludes litigation of a party's claims when the following elements have been established: (1) a final judgment on the merits in an earlier proceeding; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two actions. Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991), cert. denied, 502 U.S. 816 (1991).

The court dismissed Plaintiff's claims against MERS under this claim preclusion doctrine. Similarly, all three elements of the res judicata defense are satisfied as to Plaintiff's claims against Defendant J.P. Morgan Mortgage Acquisition Corp. First, the court in DeWayne v. First Nat'l Bank of Arizona, No. 15-cv-14245-IT, Nos. 64, 66-67 ("the First DeWayne Action") entered a final judgment on the merits by allowing Defendants' motion to dismiss and denying Plaintiff's motion to reconsider. See also Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010) (citing AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)) (holding that dismissal for failure to state a claim is "a final judgment on the merits"). The court in the DeWayne v. MERS, No. 17-cv-10139-IT, No. 24 ("the Second DeWayne Action") again entered a final judgment on the merits by finding that Plaintiff's claims were barred by the doctrine of res judicata and allowing Defendants' motion to dismiss for failure to state a claim..

Second, the causes of action articulated in the instant action and the prior DeWayne Actions are sufficiently identical. Causes of action are sufficiently identical when they "derive . . . from the same transaction or series of connected transactions." McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006) (internal quotation marks omitted); see also Mass. Sch.

of Law at Andover, 142 F.3d at 38 ("[The transactional approach] boils down to whether the causes of action arise out of a common nucleus of operative facts."). "Although a set of facts may give rise to multiple counts based on different legal theories, if those facts form a common nucleus that is identifiable as a transaction . . ., then those facts represent one cause of action." Herman v. Meiselman, 541 F.3d 59, 62 (1st Cir. 2008) (quoting Apparel Art Int'l, 48 F.3d at 583-84). In the current Complaint [#1-1], Plaintiff lists different causes of actions than his earlier complaints, but the allegations all stem from the same common transaction—the allegedly fraudulent transfer of the Brooks Mortgage to Defendant J.P. Morgan Acquisition Corp. Compare Compl. at 2-3 ¶ 3 [#1-1], with Def.'s Mem Ex. A at 11 ¶ 30 [#62-1], and Def.'s Mem. Ex. B. at 3 ¶ 2(e), 6 ¶¶ 13-15 [#62-2]. All three complaints are based upon the same set of facts—the Brooks Mortgage, MERS's transfer of the Brooks mortgage to J.P. Morgan Acquisition, and Plaintiff's subsequent acquisition of the property. These facts "form a common nucleus that is identifiable as a transaction." See Mass Sch. Of Law at Andover, 142 F.3d at 38. Where Plaintiff could have brought these same causes of action in his two prior complaints before this court, and seeks essentially the same injunctive relief based on this same transaction that he did in both the First and Second DeWayne actions, the causes of action are sufficiently identical for purposes of res judicata.

Finally, the parties are sufficiently identical. In the First DeWayne Action, Plaintiff filed his complaint against "J.P. Morgan Mortgage Acquisition Corp., a/k/a JPMorgan Chase Bank, N.A." See DeWayne v. First Nat'l Bank of Arizona, 15-cv-14245-IT (D. Mass. Dec. 1, 2016). In the Second DeWayne Action, dismissed on res judicata grounds, Plaintiff filed his complaint against "J.P. Morgan Mortgage Acquisition Corp., and JP Morgan Chase Bank." DeWayne v. MERS, Inc. et al., No. 17-cv-10139 (D. Mass. July 12, 2017). Defendant J.P. Morgan Mortgage

5

Acquisition was therefore a party in both the First and Second DeWayne Actions. Thus, the facts "definitively ascertainable from" the Complaint [#1-1] and the documents incorporated therein allow this court to conclude that the three requirements of claim preclusion are met, and therefore that the doctrine of res judicata once again bars Plaintiff's claims in this action.

Accordingly, Defendant J.P. Morgan Mortgage Acquisition's Motion to Dismiss [#61] is GRANTED.[3]

### III. Conclusion

For the foregoing reasons, Plaintiff's Reconsideration [#60] and Motion for Reconsideration and Opportunity to Amend [#63] are DENIED. Defendant J.P. Morgan Mortgage Acquisition's Motion to Dismiss [#61] is ALLOWED. Plaintiff's Complaint [#1-1] is DISMISSED with prejudice.

IT IS SO ORDERED.

Date: January 30, 2019                             /s/ Indira Talwani
                                                   United States District Judge

---

[3] As the court allows Defendant J.P. Morgan Mortgage Acquisition's motion on res judicata grounds, the court does not reach its other arguments.