UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                           |   |                       |
|-------------------------------------------|---|-----------------------|
| BISHOP RUBEN DEWAYNE,                     | ) |                       |
| Plaintiff,                                | ) |                       |
| v.                                        | ) | Civil No. 18-10931-LTS |
| J.P. MORGAN MORTGAGE ACQUISITION CORP., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) |                       |
| Defendants.                               | ) |                       |

ORDER

April 5, 2019

SOROKIN, J.

Pro se plaintiff Bishop Ruben DeWayne brought suit against defendants JP Morgan Mortgage Acquisition Corp. ("JP Morgan Acquisition") and Mortgage Electronic Systems, Inc. ("MERS") for alleged unfair and deceptive acts pursuant to Mass. Gen. Laws ch. 93A. This case has been pending before Judge Talwani.[1] In December 2018, the Court denied plaintiff's motions to remand and for a temporary injunction and granted MERS' motion to dismiss. Doc. Nos. 52, 53. In January, the Court also allowed JP Morgan Acquisition's motion to dismiss, which plaintiff had not opposed. Doc. No. 72. Thereafter, it became known that the plaintiff may not have been served with JP Morgan Acquisition's motion to dismiss and accompanying memorandum of law. Doc. Nos. 79, 82. The Court therefore vacated the portion of the prior

---

[1] This case was initially randomly assigned to Judge Gorton, who recused in June 2018. Doc. No. 13. The case was thereafter randomly assigned to Judge Young, who transferred it to Judge Talwani in October 2018, under Local Rule 40.1(g), as a related matter. Doc. No. 42.

Order which allowed the motion to dismiss and ordered plaintiff to respond within 28 days. Doc. No. 84. Plaintiff filed two memoranda in opposition to JP Morgan Acquisition's motion to dismiss. Doc. Nos. 88, 89. Thereafter, Judge Talwani recused herself, Doc. No. 91, and the case was randomly reassigned to the undersigned. Doc. No. 93. Now pending before the Court is JP Morgan Acquisition's motion to dismiss. Doc. No. 61.

One preliminary matter requires attention. On March 29, 2019, plaintiff filed a "formal notice of leave of absence" which contains a sentence saying "demand to remand issued." Doc. No. 90. Plaintiff simply appears to be giving the Court notice that he "cannot respond, reply answer any paper, writ, or otherwise attend any hearings or meetings" for a two-week period of time. Id. at 1-2. However, to the extent the filing can be construed as a motion to remand, that motion is DENIED for the reasons expressed in the previous order denying remand, Doc. No. 52.

The Court has carefully reviewed, de novo, JP Morgan Acquisition's motion to dismiss for failure to state a claim and plaintiff's oppositions. The Court evaluates the complaint pursuant to the standard applicable to motions to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face.") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court finds that for the reasons expressed in the prior Order, plaintiff's complaint must be dismissed on grounds of claim preclusion. Doc. No. 72. "[T]he essential elements of claim preclusion are (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991). In this case, all three elements

are met for the reasons expressed in the prior Order allowing the motion to dismiss.  Doc. No. 72.

Accordingly, to the extent plaintiff's filing at Doc. No. 90 may be properly construed as a motion to remand, it is DENIED.  JP Morgan Acquisition's motion to dismiss, Doc. No. 61, is ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge